In the Matter of WILLIAM B. O'CONNOR.— Close, P. J., Hagarty and Lewis, JJ., concur; Johnston and Adel, JJ., dissent and vote to deny the motion.

In the Matter of IRVING I. PLOTKIN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.—

Present — Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ.

LOUIS MAZER et al., Respondents, v. "JOHN" ROSE, Secretary of Local 509 of Bakery & Confectionery Workers' Union of America, et al., Appellants.—

Present — Close, P. J., Carswell, Johnston and Taylor, JJ.; Lewis, J., not voting.

HARRY RADER, Respondent, v. MAURICE SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Appellant.— [See 264 App. Div. 415; 264 App. Div. 958; 265 App. Div. 937; 265 App. Div. 1003.]

Present —Close, P. J., Carswell, Johnston and Taylor, JJ.; Lewis, J., not voting.

CHARLES ROUCHET, Respondent, v. H. S. CHARDAVOYNE, INC., Appellant.—

Present — Close, P. J., Carswell, Johnston and Taylor, JJ.; Lewis, J., not voting.

GEORGE R. TEICH, Appellant, v. JOSEPH S. LAWRENCE et al., Defendants, and DAVID M. MILTON et al., Defendants-Respondents; CAMBART CO., INC., Intervener-Appellant.—

Present — Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ.

W. E. BLUME, INC., Respondent, v. POSTAL TELEGRAPH-CABLE COMPANY, Appellant.—

The complaint shows that a former defendant, Roxbury, was a contractor, plaintiff a subcontractor, and the appellant an owner, all within the meaning of sections 2, 3 and 4 of the Lien Law. Under such facts, no lien may attach if the owner has discharged his obligation to the contractor, and it appears that that has been done. The fact that an owner has knowledge of or acquiesces in a subcontractor's performing work on the owner's property is not in itself sufficient to create a right to a lien, where there is a fully performed contract for the same work between the owner and the contractor. Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ., concur.