■ MARTIN COHN, Appellant, v ROTHMAN-GOODMAN MANAGEMENT CORP. et al., Respondents.—In an action, *inter alia,* to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), entered April 18, 1988, which granted the defendants' motion to dismiss the complaint on the grounds of lack of standing and failure to state a cause of action and denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendants' motion, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff's son Kenneth Cohn was a partner in the law firm of Cohn & Berk. That law firm maintained an escrow account into which deposits were made by and on behalf of certain of Kenneth Cohn's clients (hereinafter referred to as the escrow depositors). Kenneth Cohn, while acting as the defendants' attorney, wrongly transferred money out of the escrow account either to the defendants or on their behalf. He admitted that in making those transfers, he engaged in forgery, made misrepresentations and acted outside of the scope of authority granted to him by the defendants, thereby defrauding both the escrow depositors and the defendants. As a consequence of his wrongful conversion of escrow funds, he was disbarred from the practice of law *(see, Matter of Cohn,* 117 AD2d 462), convicted of attempted grand larceny in the second degree, and ordered to make restitution to the escrow depositors.

The plaintiff, on behalf of his son and pursuant to the restitution plan ordered by the court, reimbursed several of the escrow depositors. He now seeks to be reimbursed for these payments from the defendants on the theory that the defendants were unjustly enriched at the expense of the escrow depositors. The defendants moved to dismiss the action on the grounds that the plaintiff lacks standing to maintain it and that the complaint fails to state a cause of action. In response the plaintiff claimed, *inter alia,* that as (1) a subrogee, (2) an implied assignee, (3) an express assignee, and (4) an escrow depositor himself, he has standing to sue. He also cross-moved for summary judgment on each of six causes of action. Ruling both that the plaintiff lacked standing and that his complaint failed to state a cause of action, the Supreme

Court granted the defendants' motion, and denied the plaintiff's cross motion.

The doctrine of subrogation encompasses every instance where one party pays a debt of another under compulsion or for the protection of some interest *(see, Gerseta Corp. v Equitable Trust Co.,* 241 NY 418). The payment may not be voluntary *(see, Chicago Tit. Ins. Co. v Eynard,* 84 Misc 2d 605) and subrogation can never be invoked against one whose equities are equal or superior to the party seeking to be subrogated *(see, Bell v Greenwood,* 229 App Div 550). The plaintiff claims that he was not a mere volunteer because he reimbursed the escrow depositors to protect the $30,000 which he had deposited into the escrow account. However, since the plaintiff could sue on his own behalf, it was not necessary that he accumulate the claims of the other escrow depositors to protect his. Additionally, he failed to demonstrate that his equities are superior to those of the defendants. We therefore agree with Supreme Court that the plaintiff may not claim standing as a subrogee.

To be an implied assignee of the reimbursed escrow depositors, the plaintiff must show an intent by the escrow depositors to assign their claims manifested by some act or transaction *(see,* 6 NY Jur 2d, Assignments, § 28). No such showing has been made here and the plaintiff's claim that he has standing as an implied assignee is without merit as well. However, the plaintiff has received three written assignments from escrow depositors and is himself an escrow depositor. As an escrow depositor, the plaintiff has the right to pursue wrongly transferred escrow funds in the hands of an innocent third party *(3105 Grand Corp. v City of New York,* 288 NY 178; *Whiting v Hudson Trust Co.,* 234 NY 394; *Matter of Astrove Plumbing & Heating Corp. [Jobbers' Credit Assn.],* 96 Misc 2d 420). He also has that right as an express assignee of at least two other escrow depositor claims. However, there is a dispute regarding the written assignment from Iris Comen in that she claims the assignment was procured fraudulently. Therefore, while the validity of her assignment needs to be determined at the trial, the plaintiff has standing to sue and the Supreme Court erred when it dismissed the action for lack of standing.

The Supreme Court also erred in dismissing the complaint for failure to state a cause of action. Pleadings should be construed liberally and as long as the complaint sufficiently gives notice of the events out of which the grievances arise and pleads the necessary elements of the cause of action, the

pleadings should be deemed adequate *(see,* CPLR 3026; *see also,* Siegel, NY Prac, at 244-246). The complaint at bar alleges that the defendants received money from the escrow account, that the money was the property of the escrow depositors, and that the money was payable in equity and in good conscience to and for the benefit of the escrow depositors. Hence, the complaint does state a cause of action to recover damages for unjust enrichment *(see, Chase Manhattan Bank v Banque Intra,* 274 F Supp 496). However, the Supreme Court correctly denied the plaintiff's cross motion for summary judgment. Apart from the fact that the record reveals the existence of material issues of fact regarding the substance of the plaintiff's claim, the plaintiff's motion, made before joinder of issue, was premature *(see,* CPLR 3212 [b]). The defendants are of course free to interpose in their answer those claims and defenses which they deem appropriate and which were not waived by their motion to dismiss *(see,* CPLR 3211 [e]). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.