■ BERMUDA TRUST COMPANY LIMITED, as Trustee of the CINQ TRUST, Appellant, v AMEROPAN OIL CORPORATION, Respondent. [698 NYS2d 691] —In an action, *inter alia,* to recover sums paid to a creditor of the defendant under a guarantee, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Davis, J.), dated November 5, 1998, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to the doctrine of equitable subrogation, " '[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder' " (*King v Pelkofski,* 20 NY2d 326, 333, quoting Restatement of Restitution § 162; *see also, Great E. Bank v Chang,* 227 AD2d 589, 590; *Wagner v Maenza,* 223 AD2d 640; *Zeidel v Dunne,* 215 AD2d 472; *Cohn v Rothman-Goodman Mgt. Corp.,* 155 AD2d 579, 580). However, equitable subrogation is unavailable if payments are made voluntarily (*see, Cohn v Rothman-Goodman Mgt. Corp., supra; In re Wingspread Corp.,* 116 Bankr 915, 928; Restatement of Restitution § 162, comment *b*; 23 NY Jur 2d, Contribution, Indemnity and Subrogation, §§ 31, 32).

The Supreme Court correctly found that the subject guarantee was signed by the Bermuda Trust Company Limited in its corporate capacity and not in its capacity as the trustee of the Cinq Trust. Thus, the Cinq Trust had no legal obligation to pay the defendant's debts. Any payments it made on the defendant's behalf were voluntary, and equitable subrogation is unavailable.

The plaintiff's remaining cause of action was properly dismissed for lack of standing to assert it. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.