■ WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC., Appellant, v NAGORI CORPORATION, Defendant, and VIGILANT INSURANCE Co., Respondent. [723 NYS2d 689] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated June 15, 1999, which, upon an order of the same court dated May 6, 1999, granting the motion of the defendant Vigilant Insurance Co. for summary judgment dismissing the complaint insofar as asserted against it, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly found that the plaintiff was not a claimant under the terms of the payment bond issued by the defendant Vigilant Insurance Co. (hereinafter Vigilant) (*see, Standard Acc. Ins. Co. v Rose,* 314 Ky 233, 234 SW2d 728, 730-731 [1950]; *Ribeira & Lourenco Concrete Constr. v Jackson Health Care Assocs.,* 254 NJ Super 445, 603 A2d 976, 979-982 [Super Ct, App Div 1992]; *Southwood Bldrs. v Peerless Ins. Co.,* 235 Va 164, 366 SE2d 104, 109 [1988]; 13 Couch, Insurance § 47:232 [2d]). Moreover, the plaintiff was not entitled to recover as a subrogee of the claimants who performed work and supplied materials on its construction project since it relieved Vigilant of its obligation by agreeing, in effect, to perform the subcontract itself and forgo recovery under its performance bond (*cf., Cohn v Rothman-Goodman Mgt.,* 155 AD2d 579, 580; *Gallimore, Inc. v Home Indem. Co.,* 432 F Supp 434 [D W Va 1977]).

The plaintiff's remaining contentions regarding common-law indemnification and equitable estoppel are without merit. O'Brien, J. P., Florio, McGinity and H. Miller, JJ., concur.