SIX L'S PACKING COMPANY, INC., Plaintiff,

Eddie's Produce Express, Inc., Dayoub Marketing, Inc., Charles Dinardo, doing business as Jacobs Farm, De Bruyn Produce Co., Inc., Discovery Produce, LLC., Four Seasons Produce, Inc., Frank Gargiulo & Sons, Inc., G & G Marketing, Inc., H.C. Schmieding Produce Co., Inc., Nash Produce Company, Inc., Nash Produce Company, Inc.,-West, Premium Produce Distributors, Inc., Select Onion Company, LLC., Stanley Orchard Sales, Inc., Garcia Farming & Harvesting, Inc., doing business as Sun-America Produce, Veg-A-Mix, Inc. and Wanda Farms Potatoes, Plaintiffs-Counter-Defendants,

Mex-Produce Sales, LLC. and Riviera Finance of Texas, Inc., Consolidated-Plaintiffs-Counter-Defendants,

Gargiulo, Inc. and Van Solkema Produce, Inc., a corporation, Intervenors-Plaintiffs,

Wilkinson-Cooper Produce, Inc., Del Monte Fresh Produce, N.A., Inc., Northcross Distributing, Inc., Peter Rabbit Farms, a California Corporation, Pismo-Oceano Vegetable Exchange, Alphas Company, Inc., Krass Joseph, Inc., Northeast Trading, Inc., Fierman Produce Exchange, Inc., Rubin Bros Produce Corp., Tomatoes of Ruskin, Inc., Rio Rico Farms, Inc., Jerry Shulman Produce Shipper, Inc., Muranka Farm, Inc., Candawide Export Inc., Tepeyac Produce, Inc., the Trustees of the Union Pension Trust Fund-Local 202, Rio Vista Limited, doing business as Giumarra Companies, Global Fresh Produce Incorporated, Agrexco (USA), Ltd. a corporation, Tom Bengard Ranch, Inc., Charles G. Watts, Inc., doing business as Cream of the Crop., Petter Rabbit Farms, a California Corporation, Pismo Oceano Vegetable Exchange, Santa Barbara Farms, LLC., C.H. Robinson Company, Hunts Point Tomato Co., Inc., PJ Produce, Inc., Mike Siegel, Inc., Sharyland, L.P., doing business as Plantation Produce Company, Intervenors-Plaintiffs-Counter-Defendants,

Union Pacific Railroad and Trustees of the United Teamster Fund, formerly known as Union Welfare Fund—Local 202, Intervenors-Plaintiffs-Counter-Defendants-Appellees,

Suwannee Farms, Krichmar Produce, Co., Inc., United Apple Sales, Inc., Torray Farms, Inc. and Florida Fresh, Inc., Intervenors-Plaintiffs-Counter-Defendants-Claimants,

Lionheartgroup, Inc. and Tom Bengard Ranch, Inc., Counter-Defendants,

Sabre Produce Inc. Intervenor-Plaintiff-Claimant-Counter-Defendant,

v.

ALL WORLD FARMS, INC. and Vincent J. Desomma, Intervenors-Defendants,

Peter Malo, Consolidated–Defendant,

Jack Nieman, Intervenor–De fendant-Counter-Claimant-Cross-Claimant-Appellant,

Muranaka Farm, Inc., R & R Fresh Fruit & Vegetables, Inc., Arthur G. Silk, Inc., Mariana Celaya, Matro Family Farms, LLC., Dickey Farms, Inc., Kaliroy Produce, Inc., Diane Shulman Rabin, Torray Farms, Inc., Florida Fresh, Inc., Peter Kyriacou, Fierman Produce Exchange, Inc. and Delena Farms, Inc., Claimants,

Cardile Mushrooms Packaging, Inc., Claimant–Counter–Defendant,

Hunt's Point Terminal Produce Cooperative Association, Inc. Movant,

Paul Gentile, Special Master.

No. 04–3372.

United States Court of Appeals, Second Circuit.

May 5, 2005.

Kevin P. Claffey, Claffey & Mastrogiacomo, P.C., New York, NY, for Appellant.

William J. Dealy, Dealy & Silberstein, LLP, New York, NY, for Trustees of the United Teamster Fund and Trustees of the Union Pension Trust Fund–Local 202; Jonathan F. Ball, Janssen Keenan & Ciardi, P.C., Philadelphia, PA, for Union Pacific Railroad, for Appellees.

Present: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jack Neiman appeals an October 15, 2004 judgment of the United States District Court for the Southern District of New York (Sprizzo, *J.*), declaring that the appellees have priority over certain funds. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The district court declined to equitably subrogate Neiman's interest in the proceeds of a sale of real property to that of a prior lienholder. Under New York law, " '[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder.' " *Bermuda Trust Co. v. Ameropan Oil Corp.*, 266 A.D.2d 251, 698 N.Y.S.2d 691, 692 (2d Dep't 1999) (quoting *King v. Pelkofski*, 20 N.Y.2d 326, 333, 282 N.Y.S.2d 753, 229 N.E.2d 435 (1967)). Subrogation, however, "is unavailable if payments are made voluntarily." *Bermuda Trust*, 698 N.Y.S.2d at 692; *see also Nat'l Union Fire Ins. Co. v. Ranger Ins. Co.*, 190 A.D.2d 395, 599 N.Y.S.2d 347, 348 (4th Dep't 1993) ("It is well settled that '[a] mere volunteer or intermeddler will not be substituted in the place of a person whose rights he seeks to acquire, simply because he has paid a debt, or discharged an obligation, for which that person was responsible.' ") (quoting *Koehler v. Hughes*, 148 N.Y. 507, 511, 42 N.E. 1051 (1896)). Similarly, the district court may consider whether the potential subrogee

acted negligently. *Roth v. Porush,* 281 A.D.2d 612, 722 N.Y.S.2d 566, 568 (2d Dep't 2001) (equitable subrogation inapplicable where "[t]he record indicates that there were facts which should have led the ... defendants and their title insurance company to conduct further inquiry").

In declining Neiman's equitable subrogation request, the district court found that Neiman was an ineligible volunteer and had negligently failed to perfect his lien. Under New York law, "the decision to apply equitable subrogation is committed to the discretion of the trial court." *United States v. Baran,* 996 F.2d 25, 29 (2d Cir.1993). "Either an error of law or a clear error of fact may constitute an abuse of discretion." *Charette v. Town of Oyster Bay,* 159 F.3d 749, 755 (2d Cir.1998). Neiman points to no error of law that substantially influenced the district court's exercise of discretion. Moreover, the district court did not commit clear error in finding that Neiman was a volunteer and acted negligently.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**