■ RLI INSURANCE COMPANY, Appellant, v WILLIAM STEELY et al., Defendants, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [884 NYS2d 120]—

In an action for a judgment declaring, inter alia, that any coverage provided by the policy issued by the plaintiff is excess to any coverage provided by the policy issued by the defendant New York Central Mutual Fire Insurance Company, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 4, 2008, as granted that branch of the motion of the defendant New York Central Mutual Fire Insurance Company pursuant to CPLR 3211 which was to dismiss the complaint for lack of standing insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant New York Central Mutual Fire Insurance Company pursuant to CPLR 3211 which was to dismiss the complaint for lack of standing insofar as asserted against it is denied.

The defendant William Steely sought insurance coverage for a boating accident pursuant to, inter alia, a homeowner's policy issued to him by the defendant New York Central Mutual Fire Insurance Company (hereinafter NY Mutual), and an umbrella policy issued to him by the plaintiff, RLI Insurance Company. NY Mutual allegedly denied coverage on the ground that, inasmuch as Steely owned the boat on the date of the accident, there was no coverage because of a specific exclusion under its policy. The plaintiff commenced this action for a judgment declaring, inter alia, that NY Mutual was obligated to provide

coverage to Steely because he did not, in fact, own the boat on the date of the accident, and that any such coverage provided by the plaintiff's policy was excess to any coverage provided by NY Mutual's policy.

NY Mutual moved, inter alia, pursuant to CPLR 3211 to dismiss the complaint for lack of standing insofar as asserted against it. NY Mutual argued, among other things, that the plaintiff lacked standing to challenge its disclaimer of coverage to its insured. The Supreme Court, inter alia, granted that branch of NY Mutual's motion which was to dismiss the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

We find that the plaintiff has standing to challenge NY Mutual's disclaimer of coverage to its insured. "A plaintiff need not be privy to an insurance contract to commence a declaratory judgment action to determine the rights and obligations of the respective parties, so long as the plaintiff stands to benefit from the policy" (*Mortillaro v Public Serv. Mut. Ins. Co.*, 285 AD2d 586, 587 [2001]). Here, the plaintiff clearly stands to benefit from NY Mutual's policy. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.