■ BROADWAY HOUSTON MACK DEVELOPMENT, LLC, Appellant, v TED KOHL et al., Respondents. [897 NYS2d 505]—

In an action, inter alia, to recover sums paid to creditors of the defendants, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated December 22, 2008, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the cause of action for subrogation.

Ordered that the order is affirmed, with costs.

The plaintiff, the ground lessee of certain real property, hired IDI Construction Company, Inc. (hereinafter IDI), of which the defendants were members, as its general contractor to construct an office building on the property. The plaintiff alleged that, at least in part, because of the defendants' malfeasance, IDI eventually was forced to declare bankruptcy. As a result, IDI failed to remit to subcontractors money paid to it in trust by the plaintiff pursuant to the Lien Law. The plaintiff, to further its own interests, elected to pay the subcontractors directly despite the fact that it had paid IDI in full. Thereafter, the plaintiff sought, inter alia, subrogation to the subcontractors' claims against the defendants.

The equitable doctrine of subrogation "is 'applicable to cases where a party is compelled to pay the debt of a third person to protect his own rights, or to save his own property'" (*Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY 418, 426 [1926], quoting *Cole v Malcom*, 66 NY 363, 366 [1876]). However, while the scope of subrogation is broad, it cannot be invoked where the payments sought to be recovered are voluntary (*see Bermuda Trust Co. v Ameropan Oil Corp.*, 266 AD2d 251 [1999]; *Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d 579, 580 [1989]). A party seeking subrogation can establish that its payments were not voluntary either by pointing to a contractual obligation (*see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 106 [2009]) or to the need to protect its own legal or economic interests (*see Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY at 426). When invoking the latter ground, however, the party seeking subrogation must show that the act is not merely helpful but necessary to the protection of its interests (*see Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d at 580).

Here, although the plaintiff pointed to interests which were furthered by its payments to IDI's subcontractors, it failed to demonstrate that those payments were necessary to protect its legal or economic interests (see *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 552 [1989]; *H. Verby Co., Inc. v Plainview Assoc.*, 6 Misc 3d 1011[A], 2005 NY Slip Op 50026[U] [2005]; *see also Blume, Inc. v Postal Tel.- Cable Co.*, 265 App Div 1062 [1943]). Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Similarly, its conclusory and speculative assertions were not sufficient to defeat the defendants' motion for summary judgment dismissing its causes of action which were premised on the Lien Law (see generally *Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

The plaintiff's remaining contentions are without merit (see *Select Constr. Corp. v 502 Old Country Rd. LLC*, 11 Misc 3d 1078[A], 2006 NY Slip op 50609[U] [2006]; see generally *Bermuda Trust Co. v Ameropan Oil Corp.*, 266 AD2d at 251; *Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d at 580). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur. [**Prior Case History: 22 Misc 3d 1001.**]