■ ROBERT PEREZ, Respondent, v ROCCO FIORE, JR., Appellant, et al., Additional Counterclaim Defendants. [912 NYS2d 118]—

In an action, inter alia, for the partition of real property, the defendant Rocco Fiore, Jr., appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 30, 2009, as denied his motion to reject, and granted those branches of the plaintiff's cross motion which were to confirm, so much of a referee's report (Maria, R.), dated August 1, 2008, made after a hearing, as concluded that the plaintiff is entitled to receive, from the proceeds of the sale of the subject property, the sums of $7,692.58, $51,700.34, and $4,766.96, representing certain payments for household repairs and improvements, payments with respect to the mortgage in connection with the subject property, and payments made in connection with a forbearance agreement, respectively, and (2) so much of a judgment of the same court dated June 1, 2009, as, upon the order, directed distribution of the proceeds of the sale of the subject property in accordance with the order.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof directing the distribution to the plaintiff, from the proceeds of the sale of the subject property, of the sums of $7,692.58 and $4,766.96, representing payments for household repairs and improvements and payments made in connection with the forbearance agreement, respectively; as so modified, the judgment is affirmed insofar as

appealed from, without costs or disbursements, those branches of the motion of the defendant Rocco Fiore, Jr., which were to reject so much of the referee's report as concluded that the plaintiff was entitled to receive, from the proceeds of the sale of the subject property, the sums of $7,692.58 and $4,766.96, representing payments for repairs and household improvements and payments made in connection with the forbearance agreement, respectively, are granted, those branches of the plaintiff's cross motion which were to confirm those portions of the referee's report are denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This Court possesses the authority to review a determination rendered after a hearing which is as broad as that of the hearing court, and may render the judgment it finds warranted by the facts, taking into account that in a close case, the referee had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2010]; *Melius v Breslin*, 46 AD3d 524, 525 [2007]; *Betsy Meyer Assoc., Inc. v Lorber*, 42 AD3d 509 [2007]). In this partition action, the referee's conclusion that the plaintiff was entitled to receive, from the proceeds of sale of the subject property, the sum of $21,013, representing one half of the amount he paid to cure the default on the mortgage on the subject property, and the sum of $30,687.34, representing one half of the additional amount he paid to keep the obligation on the mortgage current, was supported by the record, and properly confirmed by the Supreme Court (*see Frater v Lavine*, 229 AD2d 564 [1996]). The plaintiff, whose wholly-owned corporation made these payments in consideration of the transfer, to him, of a one-half interest in the subject property, established that he was entitled to these amounts in accordance with the doctrine of equitable subrogation, as the payments he made served to protect his ownership interest in the subject property (*see Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY 418, 425-426 [1926]; *Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d 937 [2010]; *Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 106 [2009]; *Federal Natl. Mtge.*

*Assn. v Woodbury*, 254 AD2d 182 [1998]; *Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d 579, 579-580 [1989]). We need not consider the contention of the defendant Rocco Fiore, Jr. (hereinafter the appellant), that these amounts should not have been awarded to the plaintiff because the payments were made by the plaintiff's wholly-owned corporation, since that contention is raised for the first time on appeal (*see Vetland v FX Enters. I, Ltd.*, 49 AD3d 632, 635 [2008]; *45-02 Food Corp. v 45-02 43rd Realty LLC*, 37 AD3d 522, 526 [2007]).

However, the record does not support the award to the plaintiff of the sum of $4,766.96, for payments he made in connection with a forbearance agreement. There is insufficient evidence in the record to establish that a check issued by the plaintiff's wholly-owned corporation in the face amount of $5,400 included money that was used to make the payments in connection with the forbearance agreement, and the plaintiff's testimony before the referee with respect to this issue was equivocal. In addition, the portion of the referee's report which concluded that the plaintiff was entitled to receive the sum of $7,692.58, representing certain payments he made for household repairs and improvements, should have been rejected by the Supreme Court. These expenses were incurred and paid in 1997, 1998, and 1999, long before the plaintiff obtained an ownership interest in the subject property. These payments were made voluntarily, and were not recoverable under the doctrine of equitable subrogation (*see Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d at 937; *Bermuda Trust Co. v Ameropan Oil Corp.*, 266 AD2d 251 [1999]; *Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d at 580).

The parties' remaining contentions either need not be addressed in light of our determination, or are without merit. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.