■ DANUTA SIWIEC, Appellant, v GARY N. RAWLINS et al., Respondents. [959 NYS2d 516]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 22, 2011, which granted the motion of the defendants Gary N. Rawlins and the Rawlins Law Firm, PLLC, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, denied her cross

motion pursuant to CPLR 3215 (a) for leave to enter a default judgment against the defendant Craig F. Wilson, and granted the cross motion of the defendant Craig F. Wilson pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]). In determining such a motion, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

" 'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages' " (*Held v Seidenberg*, 87 AD3d 616, 617 [2011] [internal quotation marks omitted], quoting *Dempster v Liotti*, 86 AD3d 169, 176 [2011]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]; *Rosenbaum v Sheresky Aronson Mayefsky & Sloan, LLP*, 100 AD3d 731 [2012]). Conclusory allegations of damages or injuries which are predicated on speculation are insufficient (*see Wald v Berwitz*, 62 AD3d 786, 787 [2009]).

Here, the complaint fails to allege facts sufficient to establish that the underlying action would have been successful or that the defendants proximately caused the plaintiff to sustain damages (*see Hallman v Kantor*, 72 AD3d 895, 897 [2010]; *Wald v Berwitz*, 62 AD3d at 787; *Simmons v Edelstein*, 32 AD3d 464, 465-466 [2006]). Accordingly, the Supreme Court properly granted the motion of the defendants Gary N. Rawlins and the Rawlins Law Firm, PLLC, and the cross motion of the defendant Craig F. Wilson, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Further, the Supreme Court providently exercised its discre-

tion in denying the plaintiff's cross motion pursuant to CPLR 3215 (a) for leave to enter a default judgment against the defendant Craig F. Wilson (*see Feder v Eline Capital Corp.*, 80 AD3d 554 [2011]; *Giha v Giannos Enters., Inc.*, 69 AD3d 564, 565 [2010]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.