■ MARKEL INSURANCE COMPANY, as Assignee of American Gardens Owners Corp. and Others, and as Subrogee of New Empire Group, Ltd., et al., Appellants, v AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY et al., Defendants and REBORE THORPE & PISARELLO, P.C., Respondent. [974 NYS2d 569]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered March 8, 2012, which

granted the motion of the defendant Rebore Thorpe & Pisarello, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In September 2005, a construction worker was injured on premises owned by American Gardens Owners Corp. In November 2005, the worker commenced a personal injury action (hereinafter the underlying action) against American Gardens Owners Corp., and later joined, as defendants, the property's managing agent, American Gardens Management, LLC, and the managing agent's affiliate, American Gardens Management Corp. (hereinafter collectively the American Gardens defendants). The American Gardens defendants' primary insurer was Chartis Insurance Company (hereinafter Chartis), but the American Gardens defendants also carried an umbrella excess liability policy issued by American Guarantee and Liability Insurance Company (hereinafter AGLIC). The AGLIC policy (hereinafter the Policy) contained an endorsement requiring the insured, or someone on its behalf, to provide notice to AGLIC of any claims or lawsuits against the insured as soon as practicable. The endorsement also provided that notice to any agent of AGLIC would constitute notice to AGLIC. New Empire Group, Ltd. (hereinafter NEG), was a managing general agent for AGLIC and a program administrator for the Policy. A Program Administrator Agreement between NEG and AGLIC delegated authority to NEG to act as AGLIC's agent, inter alia, for underwriting excess liability insurance policies and to accept notices of claim or suit on its behalf. NEG itself carried an Insurance Agents & Brokers Errors and Omissions policy with Markel Insurance Company (hereinafter Markel).

Shortly after the commencement of the underlying action, the American Gardens defendants gave notice thereof to their retail insurance broker, which, in turn, notified NEG of the underlying action within one month after the commencement of the underlying action. AGLIC nonetheless disclaimed coverage, alleging lack of timely notice. Rebore Thorpe & Pisarello, P.C. (hereinafter Rebore) represented the American Gardens defendants in the underlying action.

Thereafter, the underlying action was settled, and the settlement agreement provided that Chartis, as the primary insurer of the American Gardens defendants, would pay the plaintiffs in the underlying action the sum of $1,000,000, and Markel, on behalf of NEG, would pay the sum of $2,000,000. The plaintiffs in the underlying action gave a release to the American Gardens

defendants, which assigned, to Markel, the rights of the American Gardens defendants as against AGLIC, Rebore, and the retail insurance broker of the American Gardens defendants. Markel and NEG thereafter commenced this action, inter alia, against Rebore to recover monies that Markel had paid to settle the underlying action. In the complaint, Markel and NEG alleged that, out of concern that NEG might be found liable for the purported failure of the American Gardens defendants to notify AGLIC, Markel agreed to participate in and contribute to the settlement of the underlying action. Markel asserted a cause of action against Rebore alleging legal malpractice and, as subrogee of NEG, a cause of action seeking common-law indemnification. Rebore moved pursuant to CPLR 3211 (a) (7) to dismiss these two causes of action. The Supreme Court granted Rebore's motion. Markel and NEG appeal.

To state a cause of action to recover damages for legal malpractice, a plaintiff must allege that the attorney failed to exercise "the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and that "the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Frederick v Meighan*, 75 AD3d 528, 531 [2010]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Board of Mgrs. of Bay Club v Borah, Goldstein, Schwartz, Altschuler & Nahins, P.C.*, 97 AD3d 612, 613 [2012]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719, 719 [2011]).

Here, accepting as true the facts alleged in the complaint and according the plaintiffs the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]), the complaint failed to state a cause of action against Rebore to recover damages for legal malpractice. Although Markel was the assignee of any malpractice claim that the American Gardens defendants might have against Rebore, the complaint failed to allege any facts from which it could be reasonably inferred that the American Gardens defendants suffered ascertainable damages as a result of Rebore's alleged negligence (*see Siwiec v Rawlins*, 103 AD3d 703, 704 [2013]; *Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 847-848 [2012]). As set forth in the complaint, the American Gardens defendants were not required to pay any portion of the settlement of the underlying action, and the American Gardens defendants were fully released from liability as result of that settlement. Further, there is no allegation that the American

Gardens defendants suffered any other damage as a result of any alleged failure by Rebore to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession. Accordingly, the Supreme Court properly granted that branch of Rebore's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging legal malpractice.

Moreover, contrary to Markel's and NEG's contentions, the Supreme Court properly granted that branch of Rebore's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action against it for common-law indemnification. The common-law indemnification cause of action was based on Markel's participation in and contribution to the settlement in the underlying action, to which Markel was not a party. There was no finding that Markel's insured, NEG, was liable to the plaintiff in the underlying action. The doctrine of subrogation, upon which the common-law indemnification cause of action against Rebore is grounded, however, may not "be invoked where the payments sought to be recovered are voluntary" (*Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d 937, 937 [2010]; *see Merchants Mut. Ins. Group v Travelers Ins. Co.*, 24 AD3d 1179, 1180 [2005]). "A party seeking subrogation can establish that its payments were not voluntary either by pointing to a contractual obligation or to the need to protect its own legal or economic interests" (*Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d at 937 [citation omitted]). "When invoking the latter ground, however, the party seeking subrogation must show that the act is not merely helpful but necessary to the protection of its interests" (*id.*). Here, the complaint did not allege facts from which it could be reasonably inferred that Markel's partial contribution to the settlement in the underlying action, made on behalf of NEG, was mandated or compelled by its policy with NEG, or that such payment was necessary to the protection of NEG's interests (*cf. id.* at 938; *but cf. NYP Holdings, Inc. v McClier Corp.*, 65 AD3d 186, 189-190 [2009]). Accordingly, the Supreme Court properly granted that branch of Rebore's motion which was to dismiss the cause of action against it for common-law indemnification (*see* CPLR 3211 [a] [7]; *see generally East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 125). Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30642(U).]**