■ Government Employees Insurance Company, Appellant, v RLI Insurance Company et al., Respondents. [20 NYS3d 411]—

In an action for a judgment declaring, inter alia, that the defendant RLI Insurance Company is obligated to indemnify the defendants Rachel E. Freier and Tzvi Freier in an underlying action entitled *Bi Bo Chiu v Malik*, commenced in the Supreme Court, Kings County, under index No. 36894/07, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (J. Murphy, J.), dated September 5, 2013, as granted the motion of the defendant RLI Insurance Company pursuant to CPLR 3211 (a) to dismiss the complaint, and denied its cross motion for summary judgment declaring, inter alia, that the defendant RLI Insurance Company is obligated to reimburse it for a certain sum paid in excess of its policy limits to settle the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2007, the defendant Rachel E. Freier was involved in an automobile accident, in which Bi Bo Chiu, a passenger in one of the vehicles involved in the accident, was injured. Bi Bo Chiu subsequently commenced an action (hereinafter the

underlying action) against Rachel E. Freier and the defendant Tzvi Freier, the owner of the car Rachel E. Freier was operating, to recover damages for personal injuries. The Freiers had primary insurance coverage from the plaintiff, Government Employees Insurance Company (hereinafter GEICO), and an umbrella policy from the defendant RLI Insurance Company (hereinafter RLI). GEICO undertook to defend the Freiers in the underlying action, and after RLI disclaimed coverage based upon late notice, GEICO commenced this action for a judgment declaring that RLI was required to indemnify the Freiers in the underlying action.

As the Supreme Court properly concluded, GEICO did not have standing to seek that relief. A party has standing where it has " 'an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007], quoting *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]). Here, it is undisputed that the coverage provided by the RLI policy was excess to GEICO's policy and, thus, RLI's duty to indemnify the Freiers was not triggered until coverage under GEICO's policy was exhausted (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 687 [1999]; *L&B Estates, LLC v Allstate Ins.*, 71 AD3d 834, 837 [2010]). Therefore, GEICO did not stand to benefit from the RLI policy, depriving it of standing to seek a declaration of RLI's duty to indemnify under that policy (*cf. RLI Ins. Co. v Steely*, 65 AD3d 539, 540 [2009]; *Rael Automatic Sprinkler Co., Inc. v Schaefer Agency*, 52 AD3d 670, 673 [2008]). Accordingly, the court properly granted RLI's motion to dismiss the complaint for lack of standing.

The Supreme Court also properly denied GEICO's cross motion for summary judgment on an unpleaded cause of action for a judgment declaring, inter alia, that RLI was required to reimburse it for $200,000 it paid above its policy limits to settle the underlying action, because GEICO's proof did not support such a cause of action (*cf. Town of Putnam Val. v Sacramone*, 16 AD3d 669, 669-670 [2005]; *Scalia v Glielmi*, 200 AD2d 615, 615-616 [1994]; *Deborah Intl. Beauty v Quality King Distribs.*, 175 AD2d 791, 793 [1991]). Specifically, GEICO failed to demonstrate the existence of any duty running from RLI, the excess carrier, to GEICO, the primary insurer, with respect to RLI's coverage determination (*cf. Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452 [1993]; *St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.*, 43 NY2d 977, 978 [1978]; *Federal Ins. Co. v North Am. Specialty Ins. Co.*, 83

AD3d 401, 402 [2011]). Moreover, contrary to GEICO's contention, the doctrine of equitable subrogation cannot be invoked where, as here, "the payments sought to be recovered [we]re voluntary" (*Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d 937, 937 [2010]; *see Markel Ins. Co. v American Guar. & Liab. Ins. Co.*, 111 AD3d 678, 681 [2013]; *Bermuda Trust Co. v Ameropan Oil Corp.*, 266 AD2d 251 [1999]; *Cohn v Rothman-Goodman Mgt. Corp.*, 155 AD2d 579, 580 [1989]; *see also Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]).

GEICO's remaining contentions are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.