■ Board of Managers of Regent's Park Gardens Condo, Plaintiff, v Herman Chavez et al., Defendants, and Mortgage Electronic Registration Systems, Inc., et al., Respondents. Adam Plotch, Nonparty Appellant. [25 NYS3d 655]—

In an action to foreclose a lien upon a condominium unit for nonpayment of common charges, nonparty Adam Plotch appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated October 18, 2013, which denied his motion, inter alia, for relief pursuant to Real Property Law §§ 339-z and 339-aa and RPAPL 1353 (3).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose, for nonpayment of common charges, a lien it held upon a condominium unit owned by Herman Chavez. A judgment of foreclosure and sale was issued and Adam Plotch was the successful bidder at the foreclosure auction. Plotch moved, inter alia, for relief pursuant to Real Property Law § 339-z, contending that the common charges lien held by the plaintiff was superior to a mortgage lien held by the defendant US Bank National Association, as Trustee for Bank of America (hereinafter US Bank), against the condominium unit. Plotch also contended that the mortgage held by US Bank should be extinguished pursuant to Real Property Law §§ 339-z and 339-aa and RPAPL 1353 (3). The Supreme Court denied the motion, finding that Plotch lacked standing to move for the relief he sought. Plotch appeals. We affirm, but on other grounds.

The Supreme Court incorrectly concluded that Plotch did not have standing. Plotch, as the successful bidder at the foreclo-

sure auction, had standing to move for the relief he sought (*see Government Empls. Ins. Co. v RLI Ins. Co.*, 133 AD3d 819 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239 [2007]).

However, contrary to Plotch's contention, the mortgage held by US Bank was superior to the common charges lien held by the plaintiff (*see* Real Property Law § 339-z). Since the mortgage was superior to the common charges lien being foreclosed, US Bank did not lose its lien and Plotch took the property subject to the lien (*see New York Community Bank v Vermonty*, 68 AD3d 1074, 1076 [2009]; *see also* RPAPL 1353 [3]). Therefore, Plotch was not entitled to relief pursuant to Real Property Law §§ 339-z and 339-aa and RPAPL 1353 (3).

Plotch's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.