OPINION OF THE COURT
Ajrlene P. Bluth, J.
The motion by Fidelity National Title Insurance Company for an order directing the turnover of surplus funds from the foreclosure sale to Fidelity is denied.
Background
This was an action by plaintiff, the condominium’s Board of Managers, to foreclose on the lien and recover unpaid common charges for a condo located at 155 West 70th Street, New York, NY (the premises). Nonparty City West Capital, LLC purchased the premises for $490,000 at the foreclosure sale in this action, leaving $59,590.52 in surplus money. City West purchased a title insurance policy from Fidelity in connection with that purchase.
Although there was a purchase money mortgage initially held by Bank of America, N.A. (BOA) with a principal sum of $141,500 (dated Nov. 15, 2004), Fidelity missed it. When City West discovered that lien, it submitted a claim pursuant to its policy with Fidelity. In order to provide its contractually obligated coverage to City West, Fidelity purchased the prior mortgage for $192,458.81 in order to provide City West with clear title.
Fidelity’s instant motion claims that because the BOA mortgage it purchased existed on the premises at the time of the foreclosure sale, Fidelity stepped into the shoes of BOA and is entitled to the $59,590.52 in surplus money. City West claims that it filed a notice of claim to the surplus monies, claiming entitlement thereto as the successor owner of the equity of redemption.
As the purchaser of a subordinate mortgage, City West purchased subject to the BOA loan. However, Fidelity claims that it cannot foreclose the lien on its own insured. Fidelity contends that it is essentially in the same position as a subordinate lienholder to the foreclosed condo lien. Fidelity *777 also contends that it is without another remedy because defendant Rebecca Silva received a bankruptcy discharge.
Discussion
Because a mortgage is superior to a lien for unpaid common charges, a purchaser at a foreclosure sale to recover unpaid common charges takes the property subject to the mortgage lien (Board of Mgrs. of Regent’s Park Gardens Condo v Chavez, 136 AD3d 953 [2d Dept 2016], lv denied 28 NY3d 903 [2016]; see also Real Property Law § 339-z).
“[T]he surplus realized at a foreclosure sale is not a general asset of the mortgagor whose property was divested by the foreclosure” (NYCTL 1998-1 Trust v Gabbay, 16 Misc 3d 732, 735 [Sup Ct, Bronx County 2007]). “[O]nly a party who has a vested interest or estate in the land which is the subject of the foreclosure and which is extinguished as to the property by the foreclosure is entitled to share in the surplus” (id.). “[A] contract claim which does not ripen into a lien on the property cannot provide a basis to seek surplus” (id.).
“The first mortgage foreclosure sale, except to the extent that there are proceeds in excess of the first mortgage, would extinguish all prior liens, i.e., the Board’s statutory lien, and vest full title in the grantee” (Bankers Trust Co. v Board of Mgrs. of Park 900 Condominium, 81 NY2d 1033, 1036 [1993]).
Applying these principles, the court finds that City West purchased the premises subject to the mortgage now owned by Fidelity and that Fidelity’s mortgage was not extinguished by the foreclosure sale. Therefore, Fidelity is not entitled to share in the surplus because the mortgage remains on the premises. Fidelity provided no case law to support its position that as holder of a senior lien, it is entitled to surplus money. The case law cited above suggests that surplus money is available to junior lienholders whose liens are extinguished by the foreclosure.
Although Fidelity claims it has no other remedy, that claim is unavailing. The fact that defendant Silva was discharged in bankruptcy means that Fidelity is unlikely to recover anything if it initiated a foreclosure action. But that unfortunate fact does not give Fidelity a right to recover any surplus money. Further, Fidelity claims it cannot foreclose on its own insured, which, assuming that Fidelity is correct, also does not compel this court to grant Fidelity’s requested relief.
Fidelity’s claim that it is entitled to the surplus money pursuant to section 13 (a) of City West’s title insurance policy is *778 beyond the scope of this proceeding. Although City West has filed a notice of claim to surplus monies, it has not yet recovered the surplus money nor has it moved to confirm the referee’s amended report of sale.* Therefore, the court need not take a position on whether City West might be entitled to recover surplus money. Further, if Fidelity is correct that it has certain rights from its contract with City West, then Fidelity could likely pursue another action to enforce its contract rights. Requesting surplus money in the underlying foreclosure action is not the proper method for Fidelity to seek a remedy based on a contract, especially where, as here, nonparty City West has not yet recovered the surplus money.
Accordingly, it is hereby ordered that Fidelity’s motion for an order directing the turnover of surplus funds to Fidelity is denied.

 In its reply, Fidelity asks this court to confirm the referee’s amended report of sale. That request is denied because it was made for the first time in reply. The court also notes that in a proceeding to distribute surplus money pursuant to RPAPL 1362, the report of sale must be confirmed by the court.