Philadelphia Indem. Ins. Co. v Harleysville Preferred Ins. Co. (2020 NY Slip Op 00446)





Philadelphia Indem. Ins. Co. v Harleysville Preferred Ins. Co.


2020 NY Slip Op 00446


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-01345
 (Index No. 1471/16)

[*1]Philadelphia Indemnity Insurance Company, respondent,
v
Harleysville Preferred Insurance Company, appellant.


Hurwitz & Fine, P.C., Buffalo, NY (Steven E. Peiper and Amber E. Storr of counsel), for appellant.
Miranda Slone Sklarin Verveniotis LLP, Mineola, NY (Michael A. Miranda, David M. Cassidy, and Frank Malpigli of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the defendant appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 11, 2017. The order (1) granted the plaintiff's motion for summary judgment dismissing all counterclaims and for leave to voluntarily discontinue the action, (2) denied the defendant's cross motion for leave to serve a second amended answer asserting an additional counterclaim, and (3) denied, as academic, the defendant's motion to compel the plaintiff to respond to outstanding discovery demands.
ORDERED that the order is affirmed, with costs.
The plaintiff, Philadelphia Indemnity Insurance Company (hereinafter Philadelphia), commenced this action against the defendant, Harleysville Preferred Insurance Company (hereinafter Harleysville), for a judgment declaring certain coverage obligations in an underlying personal injury action entitled Blake v Nashopa House Crystal Run Village, Inc., commenced in the Supreme Court, Orange County, under Index No. 294/15 (hereinafter the Blake action). The Blake action involved allegations that Ernest W. Blake, Jr., was injured on three separate occasions as a result of two falls that took place in May 2012 and one fall that occurred in March 2013, while he was a resident of a group home operated by the defendant in that action, Nashopa House Crystal Run Village, Inc. (hereinafter Nashopa House). Philadelphia had issued a commercial general liability policy effective January 1, 2012, through January 1, 2013, to Crystal Run Village, Inc., and Harleysville had issued a commercial general liability policy effective January 1, 20l3, through January 1, 2014. Harleysville disclaimed coverage in the Blake action, taking the position that Philadelphia was responsible for coverage related to the third fall. In its complaint in this action, Philadelphia sought a judgment declaring that it is not obligated to indemnify Nashopa House for claims asserted in the Blake action to recover damages for injuries allegedly sustained by Blake in the third fall, and that Harleysville is obligated to defend and indemnify Nashopa House for such claims.
After the commencement of this action, the Blake action was settled, with Harleysville contributing $300,000 toward the settlement proceeds. Philadelphia moved for summary judgment dismissing Harleysville's counterclaims and for leave to voluntarily discontinue this action on the basis that there was no longer a justiciable controversy in light of the settlement in the Blake action. Harleysville cross-moved for leave to serve a second amended answer asserting a proposed additional counterclaim, seeking reimbursement from Philadelphia of the $300,000 Harleysville contributed to the settlement, under the doctrine of equitable subrogation. Philadelphia [*2]opposed Harleysville's cross motion, contending that the proposed additional counterclaim was barred by Harleysville's voluntary payment toward the settlement. In an order dated December 11, 2017, the Supreme Court, inter alia, denied Harleysville's cross motion for leave to serve a second amended answer, and granted Philadelphia's motion for summary judgment dismissing the counterclaims and for leave to discontinue this action. Harleysville appeals.
Leave to amend a pleading "shall be freely given" where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking the amendment does not prejudice or surprise the opposing party (CPLR 3025[b]; see DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; US Bank, N.A. v Primiano, 140 AD3d 857, 857; HSBC Bank v Picarelli, 110 AD3d 1031, 1031). Here, Harleysville's proposed additional counterclaim is palpably insufficient and patently devoid of merit because, under the circumstances presented in this case, it is barred by Harleysville's voluntary payment toward the Blake action settlement (see Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526; Markel Ins. Co. v American Guar. & Liab. Ins. Co., 111 AD3d 678, 681; Broadway Houston Mack Dev., LLC v Kohl, 71 AD3d 937; Bermuda Trust Co. v Ameropan Oil Corp., 266 AD2d 251; National Union Fire Ins. Co. v Ranger Ins. Co., 190 AD2d 395; Cohn v Rothman-Goodman Mgt. Corp., 155 AD2d 579, 580). Accordingly, we agree with the Supreme Court's denial of Harleysville's cross motion for leave to serve a second amended answer.
Since Harleysville is barred from seeking recovery from Philadelphia, the counterclaims and the complaint in this action, which sought a declaration of the rights and obligations of the parties, no longer present a justiciable controversy (see CPLR 3001; Chanos v MADAC, LLC, 74 AD3d 1007, 1008). Accordingly, we agree with the Supreme Court's determination granting Philadelphia's motion for summary judgment dismissing the counterclaims and for leave to discontinue this action.
In light of our determination, we need not reach Harleysville's remaining contention.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court