■ DARLA VETLAND, Respondent, v FX ENTERPRISES I, LTD., Doing Business as CYLO, et al., Defendants, EXECUTIVE VALET SERVICES, INC., Respondent-Appellant, and ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [854 NYS2d 415]—

The cross appeal from the intermediate order dated May 3, 2006, must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the cross appeal from the order dated May 3, 2006, are brought up for review and have been considered on the cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action after her vehicle, which was insured by the defendant Allstate Insurance Company (hereinafter Allstate), was taken by an unknown person from the defendant Executive Valet Services, Inc. (hereinafter Executive), to whom she had given the vehicle for parking and storage. The Supreme Court found that Executive was negligent in

its capacity as a bailee, and held that Allstate, which had refused to indemnify the plaintiff for her loss, had breached its contract of insurance. The Supreme Court subsequently confirmed the determination of a Judicial Hearing Officer that the plaintiff had been damaged in the amount of $57,650. The only issues raised on the appeal and the cross appeal are the measure of damages and whether Allstate may recover from Executive, either in indemnification or subrogation, the amount that it is required to pay to the plaintiff.

A bailee is liable for the reasonable value of property lost through its negligence (*see Klar v H. & M. Parcel Room, Inc.*, 270 App Div 538, 541 [1946], *affd* 296 NY 1044 [1947]). Here, the record supports the determination of the Judicial Hearing Officer as to the reasonable value of the lost property. However, Executive was entitled to a credit in the sum of $13,744, representing the amount by which the plaintiff's loan obligation had already been reduced when the vehicle was ultimately recovered and disposed of by the vehicle's lienholder. The principal amount of the judgment against Executive should therefore have been reduced by that amount.

The liability of an insurer under a contract of casualty insurance is determined in accordance with the terms of the contract of insurance (*see Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 168 AD2d 121, 130 [1991]). Here, Allstate's contract provided that the insured's recovery in the event of a loss would be determined in accordance with the actual cash value of the lost or destroyed property. The record supports the Supreme Court's determination that the cash value of the vehicle on the date of the loss was $57,750, that a $1,000 deductible was properly applied in reduction of that sum, and that the plaintiff was entitled to recover the additional sum of $900 to reimburse her for amounts she incurred in renting a replacement vehicle. However, Allstate, like Executive, was entitled to a credit for the reduction in the plaintiff's loan obligation, in the amount of $13,744, when the vehicle was recovered.

Accordingly, the judgment should have been entered against Allstate and Executive, jointly and severally, in the principal sum of $43,906.

Contrary to Allstate's contentions, it is not entitled to be indemnified by Executive. "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). Here, no such duty existed between Allstate and Executive.

Finally, whether Allstate may recover in subrogation is not properly before us, since the issue of subrogation was raised for the first time on appeal (*see Vera v Soohoo*, 41 AD3d 586 [2007]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.