■ AUTOMATIC INDUSTRIES, INC., Respondent, v CHERRY LANE OWNERS CORP., Appellant. [941 NYS2d 867]—

In an action to recover damages for wrongful eviction and conversion, the defendant appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), entered December 6, 2010, which, upon an order of the same court dated September 7, 2010, granting that branch of the plaintiff's motion which was to confirm so much of a referee's report (Dana, Ct. Atty. Ref.) dated April 22, 2010, made after a hearing, as concluded that the plaintiff had been wrongfully evicted and was entitled to receive the principal sum of $22,230.56, and an award of an attorney's fee and expenses in the sum of $15,148.50, is in favor of the plaintiff and against it in accordance with the order.

Ordered that the judgment is affirmed, with costs.

"This Court possesses the authority to review a determination rendered after a hearing which is as broad as that of the hearing court, and may render the judgment it finds warranted by the facts, taking into account that in a close case, the referee had the advantage of seeing the witnesses" (*Perez v Fiore*, 78 AD3d 1143, 1144 [2010]; *see Vardon, Inc. v Suga Dev., LLC*, 36 AD3d 897, 898 [2007]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Contrary to the defendant's contention, the Supreme Court properly confirmed the Court Attorney Referee's determination that the plaintiff was wrongfully evicted from the subject premises. The plaintiff established that it was not properly served with the defendant's notice of petition and petition in accordance with RPAPL 735. In any event, the plaintiff established that it did not violate the rent provision of the lease.

Contrary to the defendant's further contention, the Supreme Court properly confirmed the Court Attorney Referee's calculation of compensatory damages for the plaintiff's wrongful eviction. " 'The measure of compensatory damages for wrongful eviction is the value of the unexpired term of the lease over and above the rent the lessee must pay under its terms . . . together with any actual damages flowing directly from the wrongful eviction' " (*North Main St. Bagel Corp. v Duncan*, 37 AD3d 785,

786 [2007], quoting *Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 712 [1986]). Here, both the unexpired term of the lease and the value of the lease over and above the plaintiff's rent were properly calculated. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.