140 Grist, Inc. v Privilege Underwriters Reciprocal Exch. (2020 NY Slip Op 03756)





140 Grist, Inc. v Privilege Underwriters Reciprocal Exch.


2020 NY Slip Op 03756


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-03275
 (Index No. 601773/18)

[*1]140 Grist, Inc., et al., respondents, 
v
Privilege Underwriters Reciprocal Exchange, appellant.


Wade Clark Mulcahy LLP, New York, NY (Brian Gibbons and Douglas Giombarrese of counsel), for appellant.
Lerner, Arnold & Winston, LLP, New York, NY (Johnathan C. Lerner and Laura M. Maletta of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 7, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs Moris Yeroshalmi and Elenor Broulehim reside in a one-family house located in Great Neck (hereinafter the property). The plaintiff 140 Grist, Inc., is the title owner of the property. On June 24, 2017, the stone veneer exterior of the property suffered water-related damage, allegedly as a result of wind-driven rain. At the time, the property was insured under an insurance policy (hereinafter the policy) issued by the defendant, Privilege Underwriters Reciprocal Exchange (hereinafter PURE), with effective dates of August 15, 2016, to August 15, 2017.
On or around June 26, 2017, Yeroshalmi notified PURE of the plaintiffs' claim under the policy. After an investigation, in a letter dated August 21, 2017, PURE denied coverage on the basis that the staining on the veneer was not "sudden and accidental" as required under the policy, but rather was gradually caused by weathering, over time, and therefore fell within the ambit of a policy exclusion.
In February 2018, the plaintiffs commenced this action against PURE, alleging breach of contract based on PURE's refusal to indemnify the plaintiffs for the cost of repairing the water-related damage to the property. PURE filed a pre-answer motion for a judgment declaring that it has no duty to provide coverage under the policy and to dismiss the complaint.
Treating PURE's motion as one for summary judgment, the Supreme Court, in an order entered January 7, 2019, inter alia, denied that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint. PURE appeals.
"An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680). " In determining [*2]a dispute over insurance coverage, we first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect'" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221-222). A court will "not disregard clear provisions which the insurers inserted in the policies and the insured accepted, and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d at 162, quoting Caporino v Travelers Ins. Co., 62 NY2d 234, 239). "[E]xclusions or exceptions from coverage must be specific and clear in order to be enforced" (Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 830-831 [internal quotations marks omitted]). "[A]mbiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (Breed v Insurance Co. of N. Am., 46 NY2d 351, 353; see Cohen & Slamowitz, LLP v Zurich Am. Ins. Co., 168 AD3d 905, 906).
Here, PURE's submissions in support of its motion included, among other things, an affidavit from a PURE employee who did not inspect the property or issue the denial of coverage, and an unsworn letter from an engineer who failed to set forth his credentials or his methodology. PURE's submissions were insufficient to establish, prima facie, that the water-related damage to the stone exterior of the property was properly excluded from coverage under the policy. Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint without considering the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853).
PURE's remaining contention is without merit.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court