American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co. (2020 NY Slip Op 08027)





American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co.


2020 NY Slip Op 08027


Decided on December 30, 2020


Appellate Division, Second Department


Duffy, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-03435
 (Index No. 60797/17)

[*1]American Western Home Insurance Company, respondent,
v
Gjonaj Realty & Management Co., et al., appellants.



APPEAL by the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, and SEPARATE APPEAL by the defendant Viktor Gecaj, in an action, inter alia, for declaratory relief, from an order of the Supreme Court (David F. Everett, J.), dated February 22, 2018, and entered in Westchester County. The order granted the plaintiff's motion for summary judgment declaring that the plaintiff (1) has no obligation to defend and provide insurance coverage to the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, in an underlying personal injury action against those defendants by the defendant Viktor Gecaj, (2) has no obligation to pay any judgment that the defendant Viktor Gecaj may obtain against Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, in that underlying action, and (3) is entitled to recover from the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, defense fees and costs incurred on behalf of those defendants in the underlying action from May 2, 2017, to February 22, 2018, the date of the Supreme Court order granting the plaintiff summary judgment in this declaratory judgment action, and denied the cross motion of the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, and the separate cross motion of the defendant Viktor Gecaj for summary judgment declaring that the plaintiff must provide insurance coverage to the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, in the underlying action and satisfy any judgment entered against them therein.



The Dauti Law Firm, P.C., New York, NY (Y. Albert Dauti of counsel), for appellants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC.
Berson & Budashewitz, New York, NY (Jeffrey A. Berson of counsel), for appellant Viktor Gecaj.
Fleischner Potash, White Plains, NY (Patti F. Potash, Alexandra E. Rigney, and Jennifer F. Mindlin of counsel), for respondent.



DUFFY, J.


OPINION & ORDER
This action presents a novel issue of law that this Court has not yet addressed—to wit, whether an insurance company, in this case, the plaintiff, American Western Home Insurance Company (hereinafter the insurance company), may recover the costs of defending its insureds, here, the defendants Gjonaj Realty & Management Co. (hereinafter Gjonaj Realty) and 28-47 Webb Avenue Associates, LLC (hereinafter Webb and together the insureds), in an underlying personal injury action against those insureds where there has been a reservation of rights by the insurance [*2]company and a determination by the court that the insurance company has no obligation to defend and provide insurance coverage to the insureds in an underlying personal injury action commenced against them.
Although we agree with the Supreme Court that the insurance company (1) has no obligation to provide insurance coverage and no further obligation to defend the insureds in the underlying personal injury action commenced against them by the defendant Viktor Gecaj, and (2) has no obligation to pay any judgment that Gecaj may obtain against the insureds in that underlying action, for the reasons set forth herein, we find that the Supreme Court should have denied that branch of the insurance company's motion which was for summary judgment declaring that it is entitled to recover from the insureds the defense fees and costs incurred on their behalf in the underlying personal injury action from May 2, 2017, to February 22, 2018, the date of the Supreme Court order granting the insurance company summary judgment in this declaratory judgment action (hereinafter the February 2018 order).
BACKGROUND
In July 2017, the insurance company commenced this action against the insureds and Gecaj for, among other things, a judgment declaring its rights in connection with a personal injury action that was commenced against the insureds by Gecaj (hereinafter the underlying action).
Specifically, in January 2011, Gecaj commenced a personal injury action against the insureds to recover damages for injuries he alleged he sustained in May 2010 when he fell from a ladder at premises owned by Webb and managed by Gjonaj Realty. There is no dispute that, at the time of the incident, the insureds were insured under a policy of liability insurance issued by the insurance company, effective August 1, 2009, to August 1, 2010 (hereinafter the policy), and that, under the terms of the policy, upon timely notice to the insurance company of Gecaj's claim, the insureds would be entitled to be defended and insured by the insurance company. There is also no dispute that the insureds failed to notify the insurance company about Gecaj's accident until October 2014—more than four years after the incident, and after an inquest on damages had occurred and judgment in the sum of $900,000 had been entered against the insureds. Approximately one week after the insurance company received notification of Gecaj's accident, it advised the insureds that it was refusing to defend or indemnify them and was denying coverage based on their failure to comply with the terms of the policy requiring them to provide timely notice of Gecaj's accident. The insurance company also informed the insureds that if the judgment, which had been entered on default, was set aside, the insurance company would reconsider its denial of coverage. Thereafter, in December 2015, upon receipt of notice that the Supreme Court in the underlying action had vacated the default judgment, the insurance company advised the insureds that it would defend them in the underlying action and provide indemnity coverage to them. However, at that time, the insurance company also notified them that it was reserving its rights under the terms of the policy to deny any coverage as it was not then aware whether it had been prejudiced in its investigation or ability to defend the action. Approximately two months later, in February 2016, the insurance company notified the insureds that, since it had been notified that Gecaj had appealed the vacatur of the default judgment, it was reserving its rights to refuse to defend or provide indemnity coverage to the insureds in the underlying action upon any reinstatement of the default judgment (by an appellate reversal of the vacatur of the default judgment).
As is relevant to this appeal, in an order dated April 25, 2017, the Appellate Division, First Department, reversed the vacatur of the default judgment and reinstated the default against the insureds (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600). Approximately one week after the Supreme Court's vacatur of the default judgment was reversed, the insurance company advised the insureds and Gecaj, by letter dated May 2, 2017 (hereinafter the May 2017 letter), that it was denying coverage and reserving its right to recover any fees and costs incurred in defending the insureds in the underlying action. Thereafter, the insurance company commenced this action, inter alia, for declaratory relief, and moved for summary judgment declaring that it (1) has no obligation to defend and provide insurance coverage to the insureds in the underlying action, (2) has no obligation to pay any judgment in favor of Gecaj against Gjonaj Realty and Webb arising out of that underlying action, and (3) is entitled to recover the defense fees and costs incurred on behalf of the insureds in the underlying action from May 2, 2017, to date. The insureds and Gecaj separately cross-moved for summary judgment declaring that the plaintiff must provide insurance coverage to the insureds in the underlying action and satisfy any judgment entered against them therein. In the [*3]February 2018 order, the Supreme Court granted the insurance company's motion and denied the cross motions. The insureds appeal, and Gecaj separately appeals.
NO DUTY TO INDEMNIFY
We agree with the Supreme Court's determination that the insurance company had no duty to indemnify the insureds in the underlying action. "'[P]ursuant to Insurance Law § 3420(d), an insurance carrier is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion . . .'" (Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 793, quoting Halloway v State Farm Ins. Cos., 23 AD3d 617, 618). The timeliness of an insurance disclaimer is measured from the point at which it has sufficient knowledge of facts entitling it to disclaim or deny coverage, or knows that it will disclaim or deny coverage (see Plotkin v Republic-Franklin Ins. Co., 177 AD3d at 793; see e.g. First Fin. Ins. Co v Jetco Contr. Corp., 1 NY3d 64, 68-69). An insurer may also, by timely notice, reserve its right to claim that the policy does not cover the situation at issue, while defending the action (see O'Dowd v American Sur. Co. of N.Y., 3 NY2d 347, 355; see also General Acc. Ins. Co. v 35 Jackson Ave. Corp., 258 AD2d 616, 618).
There is no dispute that the insurance company's initial denial of coverage to the insureds—which was based on the failure by those insureds to provide the insurance company with timely notice of the claim—was timely (see Plotkin v Republic-Franklin Ins. Co., 177 AD3d at 794). Thereafter, although the insurance company represented to the insureds that it would defend and indemnify them, it nonetheless also reserved its right to deny coverage if the vacatur of the default judgment against the insureds was reversed. Subsequently, the insurance company provided timely notice to the insureds denying coverage when the order vacating the default was reversed and the default judgment was reinstated. Thus, under the particular circumstances of this case, the insurance company, given its reservation of rights, was not estopped from denying coverage to the insureds and refusing to continue to defend them in the underlying action (see General Acc. Ins. Co v 35 Jackson Ave. Corp., 258 AD2d at 618; see e.g. O'Dowd v American Sur. Co. of N.Y., 3 NY2d at 355).
In opposition to the insurance company's prima facie showing of entitlement to judgment as a matter of law on this issue, neither Gecaj nor the insureds raised a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563).
However, we disagree with so much of the Supreme Court's determination as granted that branch of the insurance company's motion which was for summary judgment declaring that it is entitled to recover defense fees and costs it incurred in the underlying action on behalf of the insureds. Specifically, for the reasons set forth herein, the branch of the insurance company's motion seeking to recoup its defense fees and costs from the date of its May 2017 letter reserving its right to recoup such defense fees and costs through the date of the February 2018 order should have been denied.
DUTY TO DEFEND
Recovery of Defense Costs Where No Duty to Indemnify
The rationale for the Supreme Court's award of the defense costs that the insurance company incurred on behalf of the insureds from the date of the May 2017 letter through the February 2018 order appears to be two-fold: (1) the insurance company argues that since there has been a judicial determination that it is not required to indemnify the insureds in the underlying action, it should be able to recoup its costs in representing them in the underlying litigation—at least from the date that it reserved its rights in its May 2017 letter; and (2) the insurance company points to several cases in New York (discussed below) in which courts have awarded insurers their defense costs when the insurer has notified the insured that it was reserving its right to seek such reimbursement. To the extent that certain federal courts interpreting New York law and our sister appellate courts in New York have held that an insurer may recover its defense costs when there has been a determination that no duty to indemnify exists, for the reasons that follow, we decline to adopt that view.
Defining the Parameters
We start with the long held principle in New York that an insurer's duty to defend an insured is broader than its duty to indemnify (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 178 ["an unbroken line of cases establishes that an insurer's duty to defend is broader than its duty to indemnify"]; Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 ["when a policy represents that it will provide the insured with a defense, we have said that it actually constitutes 'litigation insurance' in addition to liability coverage" (citing Seaboard Sur. Co. [*4]v Gillette Co., 64 NY2d 304, 310, and International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326)]; City of New York v Evanston Ins. Co., 39 AD3d 153, 157). Indeed, the "duty to defend"—a term used to describe an insurer's obligation to provide an insured with a defense to claims made under a liability insurance policy—is "'exceedingly broad'" and an insurer's duty to defend is triggered when a claim is filed against an insured which alleges acts or omissions that suggests a reasonable possibility of falling within the coverage set out in the insurance policy (Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137, quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648; see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310; City of New York v Evanston Ins. Co., 39 AD3d at 157). Thus, an insured need only establish that there is a potential for coverage under a policy to give rise to the insurer's duty to defend and such a duty may exist even where coverage is in doubt and ultimately does not apply; indeed, "'[i]f, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be'" (Automobile Ins. Co of Hartford v Cook, 7 NY3d at 137, quoting Ruder & Finn, Inc. v Seaboard Sur. Co., 52 NY2d 663, 670; see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310-311; City of New York v Evanston Ins. Co., 39 AD3d at 157). Notably, the Court of Appeals has held that "an insurer may be contractually bound to defend even though it may not ultimately be bound to pay, either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65). Allowing the insurance company to recover the costs it incurred in defending the underlying action risks eroding this well established doctrine and effectively would make the duty to defend merely coextensive with the duty to indemnify.
Insurance Policy Includes a Duty to Defend
The relevant provisions of the policy between the insureds and the insurance company dictate that the insurance company's duty to defend arose and provide as follows:
NEW YORK CHANGES —
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
* * *
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
* * *
(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements . . . .
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments . . . .
* * *
SUPPLEMENTARY PAYMENTS — COVERAGES A AND B
1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
a. All expenses we incur.
* * *
d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.
e. All costs taxed against the insured in the "suit."
Notably, there is no provision in the policy that expressly grants the insurance company the right to recoup defense costs. Nonetheless, as set forth below, since there is some precedent in New York for the insurance company's position, we examine those cases below.
Cases Allowing Recovery of Defense Costs
A trend allowing insurance companies to recoup defense costs in actions where no duty to indemnify has been found began in state courts in the United States in 1997, after the California Supreme Court, in Buss v Superior Court (16 Cal 4th 35, 49-51, 939 P2d 766, 776-777), held that a liability insurer has a right of recoupment against its insured for the costs of defending an underlying action where most or all of the claims are later found to be outside of the policy coverage. Recently, however, courts deciding in the first instance whether insurers can recover defense costs have generally concluded that they cannot (see Bob Allen, Gary Thompson, Sara Thorpe, Reversing Course: Can an Insurer Seek Reimbursement from its Policyholder for Amounts Related to Noncovered Claims?, https://perma.cc/YEX8-JXNV [last accessed December 15, 2020]; see also Crescent Beach Club LLC v Indian Harbor Ins. Co., 468 F Supp 3d 515, 554-555 [ED NY]; Angela R. Elbert & Stanley C. Nardoni, Buss Stop: A Policy Language Based Analysis, 13 Conn Ins LJ 61, 70 [2006/2007] [analyzing the leading decisions in several states that adopt the Buss analysis as well as the leading decisions in states that have rejected the Buss analysis]).
In New York, although there are a handful of cases wherein courts—including federal courts interpreting New York law—have affirmed orders allowing an insurance company to recoup its defense costs upon a determination that no duty to indemnify exists (see American Home Assur. Co. v Port Auth. of N.Y. & N.J., 166 AD3d 464, 465 [affirming denial of dismissal of insurance company's recoupment cause of action since it reserved right to recoup expenses it incurred not covered by policy at issue]; Certain Underwriters at Lloyd's London Subscribing to Policy No. SYN-1000263 v Lacher & Lovell-Taylor, P.C., 112 AD3d 434, 435 [affirming an order awarding plaintiff defense costs against defendants because plaintiff reserved its right to seek reimbursement for such costs in event of finding of no coverage]; see also Max Specialty Ins. Co. v WSG Investors, LLC, 2012 WL 3150577, 2012 US Dist LEXIS 108564 [ED NY, No. 09-CV-05237 (CBA) (JMA)] [adopting recommendation of magistrate that insurer should be entitled to recoup fees already expended defending insured in underlying action and noting that insured did not object to that recommendation]; OneBeacon Ins. Co. v Freundschuh, 2011 WL 3739427, 2011 US Dist LEXIS 94852 [WD NY, No. 08-CV-823] [insurer entitled to recoup reasonable defense costs upon declaration by court of non-coverage under policy]; Gotham Ins. Co. v GLNX, Inc., 1993 WL 312243, 1993 US Dist LEXIS 10891 [SD NY, No. 92 CV 6415 (TPG)] [insurer entitled to recoup defense costs where its reservation of rights letter explicitly advised insured of same and no evidence was offered to show insured refused to consent to reservation of rights]), we decline to follow them. Indeed, none of the above cases address the issue of whether recouping defense costs is appropriate or authorized (see General Star Indem. Co. v Driven Sports Inc., 80 F Supp 3d 442, 460-461 [ED NY]). Moreover, in three of the cases cited by the insurance company, unlike this case, there is no indication that the request for defense costs was opposed by the insured on appeal (see American Family Home Ins. Co. v Delia, 2013 WL 6061937, *5, 2013 US Dist LEXIS 207133, *6-9 [ED NY, CV 12-5380 (ADS) (WDW)] [order adopting magistrate report and recommendation at 2013 US Dist LEXIS 166059 (ED NY, No. 12-cv-5380 [ADS] [WDW])]; Max Specialty Ins. Co. v WSG Investors, LLC, 2012 WL 3150577, 2012 US Dist LEXIS 108564; Gotham Ins. Co. v GLNX, Inc., 1993 WL 312243, 1993 US Dist LEXIS 10891).
Significantly, some of the federal courts—interpreting New York law—appear to be shifting course on this issue. Recently, in Crescent Beach Club LLC v Indian Harbor Ins. Co. (468 F Supp 3d at 554) and Century Sur. Co. v Vas & Sons Corp. (2018 WL 6164724, 2018 US Dist LEXIS 151209 [ED NY, No. 17-CV-5392 (DLI)]), the federal court for the Eastern District of New York found that an insurance company's recoupment of defense costs was inappropriate where the policy at issue provided a duty to defend, but had no express contractual provision allowing for recoupment of defense costs (see Crescent Beach Club LLC v Indian Harbor Ins. Co., 468 F Supp 3d at 554; Century Sur. Co. v Vas & Sons Corp., 2018 WL 6164724, 2018 US Dist LEXIS 151209 [order adopting magistrate report and recommendation at 2018 WL 4804656, 2018 US Dist LEXIS 171888 (ED NY, No. 17-CV-5392 [DLI] [RLM])]). We agree with this view.
The Law of Contracts Governs
An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law (see A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560). "[I]nsurance policies, like all contracts, should be enforced according to their terms unless they are prohibited by public policy, statute or rule" (Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co., 168 AD2d 121, 131). This Court has held that "[i]nsurance contracts are to be interpreted according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts" (City of New York v Evanston Ins. Co., 39 AD3d at 156). Here, the policy and the supplementary payment provision expressly promise the insureds that the insurance company will bear all the costs "to defend the insured against any 'suit'" to which the policy covers while the policy is silent as to any reimbursement by the insurance company for the costs of defense incurred prior to a declaratory judgment determining that the insurer has no obligation to defend or indemnify the insured in the underlying action. Thus, the basic rules that govern contract law—that clear and explicit provisions of insurance policies should be enforced as written—must govern (see Vetland v FX Enters. I, Ltd., 49 AD3d 632, 634). Indeed, if the insurance company had wanted to include language that allowed it to recover the costs of defending claims that are later determined not covered, it could have done so. It did not. Since insurance policies are written contracts, when a policy such as the one at issue uses language obligating the insurer to defend any "suit" alleging a covered claim, and does not reserve a right to seek reimbursement from the insured, it obligates the insurance company at its own cost to defend the insureds until a judicial determination—here, the February 2018 order—that the underlying action was not covered by the policy.
To the extent that the insurance company argues that the policy does not cover the defense of an excluded claim, the policy also does not expressly provide that where a claim is excluded, the insurance company may seek and obtain reimbursement of the costs for defending the excluded claim (see General Star Indem. Co. v Driven Sports, Inc., 80 F Supp 3d at 462). There is little doubt that the insurance company could have included in the policy a provision wherein it could recover its defense costs (upon a reservation of rights and a judicial determination that it is not required to indemnify) had it wanted to, but it did not do so here.
Reservation of Rights
The insurance company points to its May 2017 letter wherein it reserved its rights to seek to recover the costs of defending the underlying litigation and argues that other New York courts (see e.g. American Home Assur. Co. v Port Auth. of N.Y. & N.J., 166 AD3d 464; Certain Underwriters at Lloyd's London Subscribing to Policy No. SYN-1000263 v Lacher & Lovell-Taylor, P.C., 112 AD3d 434) and certain federal courts interpreting New York law (see e.g American Family Home Ins. Co. v Delia, 2013 WL 6061937, 2013 US Dist LEXIS 207133 [order adopting magistrate report and recommendation at 2013 US Dist LEXIS 166059]; OneBeacon Ins. Co. v Freundschuh, 2011 WL 3739427, 2011 US Dist LEXIS 94852; Gotham Ins. Co. v GLNX, 1993 WL 312243, 1993 US Dist LEXIS 10891) have allowed defense costs to be recouped where such a reservation of rights letter has been sent. As noted herein, none of the cases cited by the insurance company discuss or set forth a rationale for allowing such recoupment—other than noting that there had been a reservation of rights by the insurance company in each of the cases without any indication as to whether the insurance policies at issue in those cases expressly allow for recoupment of defense costs.
Although courts in other jurisdictions (not applying New York law) have asserted a rationale for allowing recoupment of defense costs where an insurance company has sent a reservation of rights letter—finding that where an insurer reserves its right to recover defense costs and the insured accepts payment of the defense costs, a new "implied" contract is created (see United Natl. Ins. Co. v SST Fitness Corp., 309 F3d 914, 920 [6th Cir]; Knapp v Commonwealth Land Tit. Ins. Co., Inc., 932 F Supp 1169, 1172 [D Minn])—we do not agree with that position. Plainly, a unilateral reservation of rights letter "'cannot create rights not contained in the insurance policy'" (United Natl. Ins. Co. v SST Fitness Corp., 309 F3d at 925 [Clay, J., dissenting], quoting Texas Assn. of Counties County Govt. Risk Mgt. Pool v Matagorda County, 52 SW3d 128, 131 [Tex])[FN1]. [*5]Typically, a reservation of rights letter asserts defenses and exclusions that are set forth in the policy between the parties. Indeed, awarding an insurer its defense costs when the insurer issues a reservation of rights letter for the same despite the lack of any language in the policy at issue permitting the insurer to recover the costs of defending claims that are later determined not covered by the policy flies in the face of basic contract principles and allows an insurer to impose a condition on its defense that was not bargained for (see General Star Indem. Co. v Driven Sports, Inc., 80 F Supp 3d at 461-462) and "'amount[s] to a pro tanto supersession of the policy without separate agreement and separate consideration'" (Buss Stop: A Policy Language Based Analysis, at 74, quoting United Natl. Ins. Co. v SST Fitness Corp., 309 F3d at 925 [Clay, J., dissenting]). Moreover, "'strong policy considerations militate against allowing an insurer to unilaterally declare that it can recoup the costs of defending an insured where it is later determined [that the policy at issue did not cover the asserted claims]'" as doing so would allow an insurer to define its duty to defend based upon the outcome of a declaratory judgment action and significantly curtail New York's long held view that the duty to defend is broader than the duty to indemnify (Buss Stop: A Policy Language Based Analysis, at 74, quoting United Natl. Ins. Co. v SST Fitness Corp., 309 F3d at 925 [Clay, J., dissenting]). Thus, we hold that the insurance company may not recover its defense costs based on the May 2017 letter wherein it reserved its rights to recoup its defense costs in the underlying litigation absent an express provision to that effect in the policy.
Quasi Contract Law and Unjust Enrichment Inapplicable
Nor can the insurance company rely on an equitable argument that the insureds would be unjustly enriched if the insurance company has to bear the costs of defending the underlying litigation. We join those courts that have determined, as a general rule, that New York law precludes claims of unjust enrichment where an insurance policy governs the subject matter at issue (see Crescent Beach Club LLC v Indian Harbor Ins. Co., 468 F Supp 3d at 554-555; General Star Indem. Co. v Driven Sports, Inc., 80 F Supp 3d at 460-462). In fact, quasi contractual remedies are not designed to overcome express contractual terms (see Buss Stop: A Policy Language Based Analysis, at 95-97). "'[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an [*6]obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties'" (Crescent Beach Club LLC v Indian Harbor Ins. Co., 468 F Supp 3d at 554 [emphasis omitted], quoting Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516). Indeed, public policy prohibits a party to an agreement from seeking relief under unjust enrichment or other quasi contractual remedies as that party should "not be relieved of the consequences of [its] own failure to proceed with diligence or to exercise caution with respect to a business transaction" (Charles Hyman, Inc. v Olsen Indus., 227 AD2d 270, 277). Thus, where, as here, the insurance company and the insureds are contractually bound by the terms of the policy, any resort to equitable remedies as a basis for an award of defense costs is unavailing.
Moreover, even if an unjust enrichment claim were available, there is no unjust enrichment here. Given New York's policy imposing upon insurers a broad duty to defend, there could be no finding that the insureds were unjustly enriched as a result of the defense provided by the insurance company for claims that were later found to be outside of the policy (see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310). Indeed, the policies of equity and fairness weigh against allowing the insurance company to obtain reimbursement of its defense costs because "'an insurer benefits unfairly if it can hedge on its defense obligations by reserving its right to reimbursement while potentially controlling the defense and avoiding a bad faith claim'" from its insured (Crescent Beach Club LLC v Indian Harbor Ins. Co., 468 F Supp 3d at 555, quoting General Star Indem. Co. v Driven Sports, Inc., 80 F Supp 3d at 463).
Conclusion
For all of the reasons set forth herein, the insurance company is not entitled to recover its defense costs in the underlying action and the Supreme Court should have denied that branch of its motion.
In light of our determination, we need not reach the parties' remaining contentions on this issue.
The appellants' remaining contentions are without merit.
Since this is, in part, an action for a declaratory judgment, we must remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith (see Lanza v Wagner, 11 NY2d 317).
Accordingly, the order is modified, on the law, by deleting the provision thereof granting that branch of the insurance company's motion which was for summary judgment declaring that it is entitled to recover defense fees and costs incurred on behalf of the insureds in the underlying action from May 2, 2017, to February 22, 2018, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
SCHEINKMAN, P.J., DILLON and CONNOLLY, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment declaring that it is entitled to recover the defense fees and costs incurred on behalf of the defendants Gjonaj Realty & Management Co. and 28-47 Webb Avenue Associates, LLC, in the underlying action from May 2, 2017, to February 22, 2018, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1: Here, "page 7" of the May 2017 letter sent by the insurance company to the insureds contains what appears to be a proposed agreement to be signed by the insureds:
Gjonaj Realty and Management Corp. and 28-47 Webb Avenue Associates, LLC hereby agree that [the insurance company] has no further obligations to provide them with defense or indemnity coverage for the Gecaj Lawsuit. Therefore, Gjonaj Realty and Mangement Corp. and 28-47 Webb Avenue Associates, LLC will be assuming the payment of their own defense fees and costs with the continued retention of the present Defense Counsel or by the retention of a different Counsel of its choice.
SO AGREED: GJONAJ REALTY AND MANAGEMENT CORP.
________________
NAME
________________
TITLE
________________
DATE
SO AGREED: 28-47 WEBB AVENUE ASSOCIATES, LLC
________________
NAME
________________
TITLE
________________
DATE
No signed copy of this form is in the record nor is there any indication that either Gjonaj Realty or Webb signed such an agreement. Notably, the insurance company offered no consideration to the insureds in exchange for these terms and it does not argue that an implied contract was created.