RD Am., LLC v Farm Family Cas. Ins. Co. (2026 NY Slip Op 50243(U))

[*1]

RD Am., LLC v Farm Family Cas. Ins. Co.

2026 NY Slip Op 50243(U)

Decided on March 3, 2026

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2026
Supreme Court, Westchester County

RD America, LLC, Plaintiff,

againstFarm Family Casualty Insurance Company, Defendant.

Index No. 59114/2025

Attorney for Plaintiff:
Kennedys CMK LLP 
Laura B. Dowgin, Esq. 
22 Vanderbilt Avenue, Suite 2400 
New York, NY 10017
(212) 252-0004
Attorney for Defendant
Chesney, Nicholas & Brower, LLP 
Angela Patricia Pensabene, Esq. 
485 Underhill Boulevard Suite 308, 
Syosset, NY 11791 
516-378-1700

William J. Giacomo, J.

Plaintiff RD America, LLC [FN1]
moves for an order pursuant to CPLR 3212 and 3001 granting partial summary judgment and for a declaration that RD America is entitled to a defense from defendant Farm Family Casualty Insurance Company ("Farm Family") as an additional insured as a matter of law for the underlying action styled Rosalie Dellicarpini and Antonio Dellicarpini v JMDH Real Estate of Newburgh, LLC et al, pending in the Supreme Court, Bronx County, under Index No. 812027/2021E (the "Underlying Action or the Bronx Action") and declaring that RD America is entitled to reimbursement of costs paid in connection with the underlying action, plus interest. 
Papers Considered NYSCEF DOC NO. 8-18; 24-27
1. Notice of Motion/Statement of Material Facts/ Affirmation of Laura B. Dowgin, Esq./ [*2]Exhibits A-G2. Affirmation in Opposition of Angela P. Pensabene, Esq./ Response to Statement of Material Facts3. Reply Affirmation of Laura B. Dowgin, Esq./ Affidavit of Brian EmmertFACTUAL AND RELEVANT PROCEDURALBACKGROUNDRD America commenced this action by filing a summons and complaint on March 13, 2025. The complaint states that the declaratory judgment action arises from a personal injury action filed on September 3, 2021 under Index Number 812027/2021E in Bronx County. In the underlying action, that plaintiff alleged that she sustained personal injuries on February 23, 2021 when she slipped on ice and fell in a parking lot located at 1281 Route 300, Newburgh, NY. The premises was owned and operated by RD America. RD America then filed a third-party complaint against Farm Family's named insured, Foley Landscaping Contractors, Inc. (Foley).
The instant complaint alleges that RD America hired Foley to perform snow and ice removal services pursuant to a snow removal contract which was in effect on the date of the personal injury plaintiff's accident. The snow removal contract sets forth that Foley was to name "JRD Unico, Inc., its Subsidiaries and Affiliates, and the Subsidiaries and Affiliates thereof . . . as well as any companies or entities that the above companies, DBA's etc. are required to indemnify . . . as additional insured with respect to General Liability Coverage." According to RD America, the snow removal contract specifically obligates Foley to name RD America as an additional insured on its commercial general liability policy on a primary and noncontributory basis.
The complaint sets forth that Farm Family issued a commercial general liability policy to Foley during the relevant time period. The Policy includes the following additional insured endorsement:
"Schedule Name of Additional Insured Person(s) or Organization(s) JRD UNICO INC. AND ALL OTHERS PER WRITTEN CONTRACT 1281 Route 300 Newburgh, NY 12550-2957.A. Section II — Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in part, by: 1. Your acts or omissions; or 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above."The complaint asserts that the premises is included as a covered location in the additional insured endorsement. Further, the personal injury plaintiff's injuries were allegedly caused, at in least in part, by Foley's acts or omissions in its snow removal operations at RD America's premises. 
The complaint states that since December 2021, RD America has been seeking a defense and indemnification from Farm Family as an additional insured. However, Farm Family has refused to defend RD America and RD America has been forced to defend itself. 
The first cause of action seeks a declaratory judgment that RD America qualifies as an additional insured under the policy on a primary and non-contributory basis for the claims made in the underlying action. The second cause of action seeks a declaration that Farm Family is [*3]obligated to defend RD America in the underlying action on a primary and noncontributory basis. The third cause of action seeks a declaration that if Foley has any percentage of liability in the underlying action, Farm Family is obligated to completely indemnify RD America on a primary and noncontributory basis. The fourth cause of action is grounded in breach of contract and alleges that Farm Family has wrongfully failed to provide RD America with a defense for the claims made in the underlying action. 
Instant Motion
RD America now moves, pursuant to CPLR 3212 and 3001, granting RD America partial summary judgment as to counts two and four of the complaint and declaring that RD America is entitled to a defense from Farm Family as a matter of law. RD America is also seeking to be reimbursed for costs paid in connection with the underlying action, plus interest.
Given what was alleged in the complaint and the supporting documents, RD America argues that it is entitled to a defense from Farm Family as an additional insured with respect to the underlying action. RD America subcontracted its snow removal services out to Foley. In the snow removal contract, Foley agreed to name RD America as an additional insured. Farm Family issued an insurance policy to Foley including JRD Unico and its subsidiaries, including RD America, as an additional insured and agreed to include them as an additional insured with respect to liability caused by Foley's acts or omissions. According to RD America, the allegations in the underlying complaint that plaintiff suffered injuries after slipping on snow/ice at a premises owned by RD America are sufficient to trigger Farm Family's duty to defend. RD America also alleges in the third-party complaint that Foley's actions with respect to snow removal were negligent. 
RD America is also seeking to be reimbursed for costs already paid in connection with the underlying action from the date of tender, which is December 29, 2021, through the date of this order, plus interest. RD America states that it has incurred costs in excess of $50,000 in its defense for the underlying action. 
In opposition, Farm Family argues that RD America has not established its right to coverage as an additional insured. According to Farm Family, no documents refer to RD America. Further, RD America has allegedly not established that the injury was caused in whole or in part, due to Foley's actions. 
DISCUSSION
Summary Judgment
"The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law." Dallas-Stephenson v Waisman, 39 AD3d 303, 306 (1st Dept 2007). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 (2013) (internal quotation marks and citation omitted). Upon proffer of evidence establishing a prima facie case by the movant, "the party opposing a motion for summary judgment bears the burden of produc[ing] evidentiary proof in admissible form sufficient to require a trial of material questions of fact." People v Grasso, 50 AD3d 535, 545 (1st Dept 2008) (internal quotation marks and citation omitted). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility." Ruiz v Griffin, 71 AD3d 1112, 1115 (2d Dept 2010) (internal quotation marks and citation omitted).
[*4]Duty to Defend
It is well settled that the "duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage." Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 (2006) (internal quotation marks omitted). A duty to defend is "triggered by the allegations contained in the underlying complaint." BP A.C. Corp. v One Beacon Ins. Group, 7 NY3d 708, 714 (2007). Notably, the duty to defend is broader than the duty to indemnify. Thus, "[i]f, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137 (internal quotation marks omitted). Lastly, "an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." BP A.C. Corp. v One Beacon Ins. Group, 7 NY3d at 714 (internal quotation marks omitted).
As set forth below, RD America is entitled to partial summary judgment on its second and fourth causes of action and entitled to a declaration that it is entitled to a defense from Farm Family as an additional insured. 
Here, the complaint in the underlying personal injury action was brought against multiple defendants, including the plaintiff in the instant action. The defendants in that action are as follows: JMDH Real Estate of Newburgh LLC, Restaurant Depot LLC, Jetro Holdings, LLC, JRD Unico, Inc., RD America, LLC, and Jetro Cash & Carry Enterprises, LLC. That complaint alleged that,
"defendants suffered, permitted and allowed the aforementioned premises and appurtenances thereto to become and remain in an unsafe condition in that the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting icy, slippery, dangerous, hazardous and unsafe conditions to exist on the aforesaid parking lot."In the underlying action, RD America brought a third-party action against Foley, alleging claims for indemnification, among others. For instance, RD America alleges that,
"the liability of RESTAURANT DEPOT and/or the other named entities in the underlying lawsuit, if any, clearly arises out of the performance of the work by Third-Party Defendant, FOLEY, as Plaintiff was injured while walking in the parking lot of the Premises following a snow storm."At the outset, contrary to Farm Family's contention, as set forth below, the record establishes that the additional insured endorsement issued to Foley from Farm Family covers all subsidiaries/affiliates of JRD Unico, Inc., which includes RD America, aka Restaurant Depot. RD America provides this Court with the contracts which establish that Farm Family issued an insurance policy to Foley whereby JRD Unico and its subsidiaries and affiliates were included as an additional insured. The Court notes that, included in the record in the Bronx action is a certificate of liability insurance between Foley as insured and Farm Family as insurer. Under additional remarks, the policy states that JRD Unico and its subsidiaries and affiliates are included as additional insured. 
Further, in connection with the Bronx action, the CFO of JRD Unico submitted an affidavit stating in sum, that JRD Unico and another company are the parent companies of all [*5]Restaurant Depot entities and that RD America, LLC is a wholly owned subsidiary of Jetro Holdings, LLC, which is a subsidiary owned by JRD Unico. He affirmed the following, 
"A wholly-owned subsidiary of Jetro Holdings, LLC, RD America, LLC (a named defendant/third-party plaintiff in this case), is often the signatory on contracts with third parties who provide services to various Restaurant Depot warehouses and entities as it is the actively operating entity of the group."Upon review of the contract annexed to my attorney's Motion for Summary Judgment as Exhibit F, the term 'Subsidiaries and Affiliates' used therein was deliberately chosen to cover all entities named in this action as well as other entities controlled by JRD Unico, Inc."Specifically, as JMDH Real Estate of Newburgh LLC, Restaurant Depot LLC, Jetro Holdings, LLC, RD America, LLC, Jetro Cash & Carry Enterprises, LLC, and JRD Unico, Inc. are owned, operated, and controlled by the same individuals, have the same business address, and the day-to-day operations of the Restaurant Depot Entities are controlled by either JRD Unico, Inc., or Warehouse Realty, LLC each and every of these entities were intended to be protected by the contractual terms and included in the term 'Subsidiaries and Affiliates.'"In summary, RD America has met its prima facie burden to demonstrate that it is entitled to be defended by Farm Family as an additional insured. As noted, the allegations in the underlying complaint implicate the possibility of coverage and, pursuant to the snow removal contract between RD America and Foley, Foley is required to name RD America as an additional insured under its policy with Farm Family. Farm Family's policy with Foley included JRD Unico and its subsidiaries, including RD America, as an additional insured under policy. The Court notes that Foley was ultimately granted summary judgment dismissing the third-party complaint. However, as indicated above, ultimate liability/negligence is not a condition precedent to finding a duty to defend, as caselaw indicates that an "insurer's duty to defend is triggered when a claim is filed against an insured which alleges acts or omissions that suggests a reasonable possibility of falling within the coverage set out in the insurance policy." American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 34 (2d Dept 2020). 
In opposition to RD America's prima facie showing, Farm Family fails to raise a triable issue of fact. 
Reimbursement of Costs
"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law." American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d at 38. On December 29, 2021, RD America advised Farm Family "[b]ased on the allegations in the subject lawsuit as noted above, it is clear that You are obligated to defend and indemnify the Restaurant Depot, as set forth in the quoted provisions above." However, Farm Family failed to defend RD America in the underlying action. 
RD America also seeks to recover its costs, plus interest, in defending the underlying action until now. Courts have held that "[i]n the event of a breach of the insurer's duty to defend, the insured's damages are the expenses reasonably incurred by it in defending the action after the carrier's refusal to do so." National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co., [*6]103 AD3d 473, 474 (1st Dept 2013) (internal quotation marks omitted). RD America has established that Farm Family's failure to provide a defense to RD America aka Restaurant Depot in the underlying action constitutes a breach of the policy. Accordingly, Farm Family is obligated to pay RD America's defense costs from December 29, 2021, plus prejudgment interest. See e.g. Id. (internal citation omitted) ("Defendant did not respond to plaintiffs' letters; however, Associated (defendant's insured) refused tender on June 30, 2008, and sent a copy of this letter to defendant. Under the circumstances of this case, defendant is responsible for NVR's defense costs from June 30, 2008. NVR is entitled to interest from the date it paid each legal bill").
Although RD America is granted partial summary judgment on liability, a determination of the amount of these costs and fees will be determined at an inquest. 
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.
CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff RD America, LLC's motion for partial summary judgment on its second and fourth causes of action is granted; and it is further 
ADJUDGED and DECLARED that defendant Farm Family Casualty Insurance Company is obliged to provide a defense to, and provide coverage for plaintiff RD America, LLC in the action captioned Rosalie Dellicarpini and Antonio Dellicarpini v JMDH Real Estate of Newburgh, LLC et al, pending in the Supreme Court, Bronx County, under Index No. 812027/2021E; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff RD America, LLC against defendant Farm Family Casualty Insurance Company on the issue of liability for RD America, LLC's defense costs and reasonable attorney's fees incurred in the underlying action from December 29, 2021 to the time defendant Farm Family Casualty Insurance Company takes up a defense of the underlying action, with the issue of the amount of said costs to be determined at an inquest after the note of issue has been filed.
The Court will subsequently provide the parties with instructions on filing the preliminary conference stipulation. 
Dated: March 3, 2026
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.

Footnotes

Footnote 1:In the complaint and the papers submitted to the Court, plaintiff RD America also refers to itself as Restaurant Depot.