M.V.B. Collision, Inc. v State Farm Mut. Auto. Ins. Co.

2026 NY Slip Op 03297

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

M..B. Collision, Inc., etc., appellant,

v

State Farm Mutual Automobile Insurance Company, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-09496, (Index No. 600718/20)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Barkett Epstein Kearan Aldea & Loturco, LLP, Garden City, NY (Alexander Klein and Donna Aldea of counsel), for appellant.

Alston & Bird LLP, New York, NY (Elizabeth A. Buckel, Christopher A. Williams, and Theodore Altman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 10, 2023. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff, M.V.B. Collision, Inc., commenced this action against the defendant, State Farm Mutual Automobile Insurance Company, to recover damages for breach of an insurance contract with respect to repairs the plaintiff alleged it made to a vehicle owned by its assignor, Jerone Sealy, and insured by the defendant. The complaint alleged, inter alia, that the defendant breached the insurance contract by (1) failing to pay the full cost of the repairs to Sealy's vehicle and (2) "failing to abide by the statutes, rules and regulations of the State of New York and the New York State Department of Financial Services." The defendant interposed an answer to the complaint. Thereafter, the defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. In an order entered August 10, 2023, the Supreme Court, among other things, granted the defendant's motion. The plaintiff appeals.

"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law" (American Western Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 38). "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Investment Retrievers, Inc. v Fox, 150 AD3d 1090, 1090). "In determining a dispute over insurance coverage, [a court must] first look to the language of the policy" (140 Grist, Inc. v Privilege Underwriters Reciprocal Exch., 185 AD3d 636, 637 [internal quotation marks omitted]). Applicable provisions of the Insurance Law are "deemed to [be] part of [an] insurance contract as though written into it" (Trizzano v Allstate Ins. Co., 7 AD3d 783, 785 [internal quotation marks omitted]).

Here, the defendant's submissions did not eliminate triable issues of fact as to whether the defendant paid "the prevailing competitive price" under the insurance contract with respect to labor and whether its final supplemental estimate was sufficient to repair Sealy's vehicle (see 11 NYCRR 216.7[b][3],[7]; 140 Grist, Inc. v Privilege Underwriters Reciprocal Exch., 185 AD3d at 638).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court